UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUNE WUOPIO,

        Plaintiff,

v.

TOM MILLER et al.,

        Defendants.

_____/

Case No. 08-11371

HON. SEAN F. COX
United States District Judge

## OPINION & ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR STAY PENDING APPEAL [Doc. No. 86]

Plaintiff June Wuopio ("Wuopio") brings this § 1983 action against several officials of the Brandon Board of Education, a/k/a Brandon School District. On September 2, 2009, the Court issued an Opinion & Order which granted summary judgment for the Defendants on all but Wuopio's first amendment retaliation claim [Count I]. The Defendants sought qualified immunity on that claim, which the Court denied. [*See* Doc. No. 83].

On September 16, 2009, the Defendants filed a notice of their intent to appeal the Court's denial of qualified immunity. [*See* Doc. No. 85]. That same day, the Defendants also filed the instant "Motion for Stay of Proceedings Pending Defendants' Appeal to the U.S. Court of Appeals for the Sixth Circuit." [Doc. No. 86]. Plaintiff opposes the Defendants' motion to stay, arguing that "[j]ustice would be better served by moving this case forward without delay." [Pl.'s Br., Doc. No. 88, p.2].

Qualified immunity is an affirmative defense that protects government actors performing discretionary functions from liability for civil damages when their conduct does "not violate

1

clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald.*, 457 U.S. 800, 818 (1982).  The doctrine of qualified immunity provides immunity from suit rather than a mere defense to liability.  *Siegert v. Gilley*, 500 U.S. 226, 233 (1991).  "The philosophical underpinning of the doctrine of qualified immunity is a desire to avoid the substantial costs imposed on government, and society, by subjecting officials to the risk of trial." *Vaughn v. United States Small Business Admin*., 65 F.3d 1322, 1326 (6th Cir. 1995).  As such, a district court's denial of qualified immunity is an appealable final decision under 28 U.S.C. § 1291.  *Estate of Carter v. City of Detroit*, 408 F.3d 305, 309 (6th Cir. 2005).

"Generally, the filing of a notice of appeal from the denial of immunity divests the district court of jurisdiction of the case."  *Smith v. County of Lenawee*, 2009 WL 3672107, *2 (E.D. Mich. Nov. 3, 2009), citing  *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994).

The Court concludes that its denial of qualified immunity for the Defendants as to Wuopio's first amendment retaliation claim is an appealable final order under 28 U.S.C. § 1291, and divests this court of jurisdiction pending appeal.  Therefore, the Court **DENIES AS MOOT** the instant motion [Doc. No. 86], as the Court is divested of jurisdiction over this case pending the interlocutory appeal.

    **IT IS SO ORDERED.**

s/ Sean F. Cox<br>
United States District Judge

Date:  January 15, 2010

I hereby certify that on January 15, 2010, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

s/ Jennifer Hernandez<br>
Case Manager